"[I]t is clear that the lack of a reasonable expectation of continued employment is not sufficient to justify a dismissal based solely on an employee's private political beliefs." 445 U.S. at 512 n. 6, 100 S.Ct. at 1291 n. 6.

The First Circuit has also stated its belief that,

> these cases make it clear that *Elrod* and *Branti* apply generally to an employee's right to retain his public employment, and they do not distinguish between employees discharged from a permanent position and those who fail to receive a new appointment. *Accord McBee v. Jim Hogg County, Tex.,* 730 F.2d 1009, 1015 (5th Cir.1984) (en banc).... Any other result would seriously undermine *Elrod* and *Branti* because local governments could pass laws providing that the jobs of nonpolicymaking employees extend only from election to election, and that the new officeholder is entitled to make all appointments.

*Pacheco,* 809 F.2d at 128.

A preliminary injunction is issued, restraining the defendant from discharging the plaintiffs and they are ordered reinstated immediately. It is also the order of this Court that they be paid back pay to the date of their unlawful discharge, less any earnings they may have received during this period which do not exceed or equal their salaries as deputy sheriffs for this interim.

The plaintiffs have presented a prima facie case of discharge because of constitutionally protected activity and in the preliminary injunction the defendant has not proved by a preponderance of the evidence that the plaintiffs would have been discharged for other reasons in any case. *Mt. Healthy City Board of Education,* 429 U.S. at 287, 97 S.Ct. at 576.

The Court is cognizant of the fact that defendants' counsel due to the expedited nature of this hearing may not have had sufficient time to procure more evidence to refute plaintiffs' contentions and does not want to appear as a rhadamanthus. If defendant desires an expedited hearing to present more evidence the Court will hear the case on its full merits at 9:00 a.m. March 29, 1993.[1]

**Isaac MENDA BITON, Plaintiff,**

v.

**Nelson MENDA, et al., Defendants.**

**Civ. No. 92–1543(PG).**

United States District Court, D. Puerto Rico.

Aug. 4, 1992.

David C. Indiano, Indiano, Williams & Weintein–Bacal, Hato Rey, PR, for plaintiff.

Harvey Nachman, Santurce, PR, for defendants.

---

1. The Court was not aware of the following until the evidence in the case was closed. Sometime in December, 1992 I was introduced to one of the plaintiffs, Richard Dubois at a boxing match in Manchester, New Hampshire. I sent him material relevant to a law department agency. Mr. Dubois did not testify at the trial and I did not recognize him if he was there. I have had no contact with Mr. Dubois since that one occasion.